[Cite as *State v. Reese*, 2016-Ohio-1591.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DARREN REESE | : | Case No. CT2015-0046 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal Appeal from the Muskingum
County Court of Common Pleas,
Case No. CR2015-0186

JUDGMENT: Affirmed

DATE OF JUDGMENT: April 15, 2016

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

D. MICHAEL HADDOX                      ROBERT B. BARNHART
Prosecuting Attorney                         Barnhart Law Office LLC
                                                          P.O. Box 20662
By: GERALD V. ANDERSON, II         Columbus, Ohio 43220
Assistant Prosecuting Attorney
27 North 5th Street, P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

{¶1}   Appellant Darren M. Reese appeals a judgment of the Muskingum County Common Pleas Court convicting him of four counts of trafficking in drugs (R.C. 2925.03(A)(1)), one count of illegal manufacture of drugs (R.C. 2925.01(A)), and one count of possession of drugs (R.C. 2925.11(A)).  Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}   The Zanesville-Muskingum County Drug Task Force conducted a series of controlled drug buys of cocaine with appellant in April and May of 2015, and executed a search warrant on June 1, 2015.  The first transaction was for 51.4 grams of cocaine, the second for 27.4 grams, the third for 104.97 grams after drying and 149.65 before drying, and the final for 14.62 grams after drying and 26.69 before drying.  The search warrant yielded 83.13 grams of cocaine.

{¶3}   Appellant was charged with four counts of trafficking in drugs, one count of illegal manufacture of drugs, and one count of possession of drugs.  He filed a motion to conduct a purity analysis of the cocaine, which the State opposed.

{¶4}   On August 17, 2015, appellant entered a no contest plea to the indictment. As part of the plea, he stipulated to the lab test results, which did not specify the purity of the cocaine.   He was sentenced to a total of sixteen years incarceration.  He assigns a single error on appeal:

{¶5}   "THE TRIAL COURT IMPROPERLY CONVICTED AND SENTENCED APPELLANT BASED ON THE TOTAL WEIGHT OF THE NARCOTICS RATHER THAN THE WEIGHT OF THE PURE AMOUNT OF COCAINE."

{¶6}    The issue of whether the state, in prosecuting cocaine offenses involving mixed substances under R.C. 2925.11(C)(4)(a) through (f), must prove that the weight of the cocaine meets the statutory threshold, excluding the weight of any filler materials used in the mixture, is currently before the Ohio Supreme Court on a certified conflict between the decision of the Sixth District in *State v. Gonzales,* 6th Dist. Wood No. WD–13–086, 2015-Ohio-461, and the decision of the Second District in *State v. Smith,* 2nd Dist. Greene No. 2010–CA–36, 2011-Ohio-2658.   Appellant concedes that this Court has previously ruled that in order to sustain a conviction for trafficking in cocaine, with the offense elevated from offer to sell a controlled substance based on the offered substance being cocaine and with a major drug offender specification based on weight of the drug compound, the State is required to prove the identity and a detectable amount of a controlled substance*.  State v. Chandler*, 5th Dist. Stark No. 2003-CA-00342, 157 Ohio App.3d 672, 2004-Ohio-3436, 813 N.E.2d 65,  *aff'd*, 109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234.   Appellant's assignment of error is accordingly overruled on the authority of *Chandler.*

{¶7}   The judgment of the Muskingum County Common Pleas Court is affirmed.

Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.