[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Reese,* Slip Opinion No. 2017-Ohio-2789.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-2789

THE STATE OF OHIO, APPELLEE, *v.* REESE, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Reese,* Slip Opinion No. 2017-Ohio-2789.]**

*Motion for reconsideration granted—Court of appeals' judgment affirmed on the authority of* State v. Gonzales.

(No. 2016-0656—Submitted April 6, 2017—Decided May 16, 2017.)

APPEAL from the Court of Appeals for Muskingum County,

No. CT2015-0046, 2016-Ohio-1591.

ON MOTION FOR RECONSIDERATION.

_____

**{¶ 1}** On December 30, 2016, on the authority of *State v. Gonzales*, ___ Ohio St.3d ___, 2016-Ohio-8319, ___ N.E.3d ___ ("*Gonzales I*"), this court reversed the judgment of the court of appeals and remanded this cause to the trial court for further proceedings. ___Ohio St.3d ___, 2016-Ohio-8471, ___ N.E.3d ___.

**{¶ 2}** On February 7, 2017, we granted the state's motion for reconsideration in *Gonzales I*, vacated our decision in that case, and reversed the judgment of the Sixth District Court of Appeals. *State v. Gonzales*, ___ Ohio St.3d ___, 2017-Ohio-777, ___ N.E.3d ___, ¶ 3 ("*Gonzales II*").

**{¶ 3}** Appellee, the state of Ohio, has moved for reconsideration in this cause. The motion for reconsideration is granted. The judgment of the court of appeals is affirmed on the authority of *Gonzales II*.

O'CONNOR, C.J., and O'DONNELL, FRENCH, and DEWINE, JJ., concur.

FISCHER, J., concurs in part and dissents in part, with an opinion.

KENNEDY, J., dissents, with an opinion.

O'NEILL, J., dissents for the reasons stated in his dissenting opinion in *State v. Gonzales*, ___ Ohio St.3d ___, 2017-Ohio-777, ___ N.E.3d ___, ¶ 73-78.

_____

**FISCHER, J., concurring in part and dissenting in part.**

**{¶ 4}** For the reasons stated in my separate opinion in *State v. Gonzales*, ___ Ohio St.3d ___, 2017-Ohio-777, ___ N.E.3d ___, ¶ 24 (Fischer, J., concurring in part and dissenting in part), I respectfully vote to deny the motion for reconsideration, but I join the majority's opinion on the merits in this case.

_____

**KENNEDY, J., dissenting.**

**{¶ 5}** This matter is before the court on a motion for reconsideration filed by appellee, the state of Ohio. Under the procedures in S.Ct.Prac.R. 18.02, we are empowered to "correct decisions which, upon reflection, are deemed to have been made in error." *State ex rel. Huebner v. W. Jefferson Village Council*, 75 Ohio St.3d 381, 383, 662 N.E.2d 339 (1996). "We will not, however, grant reconsideration when a movant seeks merely to reargue the case at hand." *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 212, 2014-

Ohio-1940, 11 N.E.3d 222, ¶ 9; S.Ct.Prac.R. 18.02(B) ("A motion for reconsideration shall not constitute a reargument of the case * * *").

{¶ 6} The state's arguments fail to point to an error. Because I would deny the state's motion for reconsideration, I dissent from the decision to grant the motion for reconsideration and affirm the judgment of the court of appeals.

{¶ 7} The state repeats the argument that it asserted in its motion for reconsideration in *State v. Gonzales*, ___ Ohio St.3d ___, 2017-Ohio-777, ___ N.E.3d ___ ("*Gonzales II*"), that is, that this court in *State v. Gonzales,* ___ Ohio St.3d ___, 2016-Ohio-8319, ___ N.E.2d ___ ("*Gonzales I*")*,* used a "canon of strict construction to infer legislative intent" in its interpretation of R.C. 2925.03 and 2925.11. However, this argument fails. Because the court in *Gonzales I* did not hold that R.C. 2925.11 was ambiguous, it did not examine the legislative intent and it did not construe R.C. 2925.11 strictly against the state: "The state fails to point to any ambiguity in the statute. Without that, we must simply apply the statute as it is written, *without delving into legislative intent*." (Emphasis added.) *Id.* at ¶ 17.

{¶ 8} The state further argues that the analysis in *Gonzales I* is inapplicable to the trafficking statute at issue here, R.C. 2925.03, because this statute, unlike those examined in the *Gonzales* cases, defines "drug" as "any substance that is represented to be a drug." R.C. 2925.03(I). However, this argument fails to recognize that the felony-classification language in R.C. 2925.03(C)(4)(c) through (g) contains the same language as R.C. 2925.11(C)(4)(b) through (f): both statutes state that the level of the felony depends on whether the amount of the drug involved equals or exceeds a specific number of "grams of cocaine." But the majority applies its analysis in *Gonzales II*, which does not discuss or consider the definition of "drug" in R.C. 2925.03(I), to resolve this matter.

{¶ 9} The decision in this matter is based on this court's holding in *Gonzales II* that the classification of felonies in the cocaine-possession statute, R.C. 2925.03(C)(4)(c) through (g), allows for the inclusion of the weight of filler

3

material that is mixed with cocaine. My dissent in *Gonzales II* points out that the General Assembly based the degree of the felony in R.C. 2925.03(C)(4)(c) through (g) on the weight of the "grams of cocaine" only, with "cocaine" being limited by its definition in R.C. 2925.01(X), not on the weight of a mixture of substances that includes filler material. The same is true for the statute at issue here, R.C. 2925.03, which penalizes offenders for trafficking in cocaine based on the number of the grams of cocaine, not of cocaine and filler material.

{¶ 10} Therefore, I dissent.

_____

D. Michael Haddox, Muskingum County Prosecuting Attorney, and Gerald V. Anderson II, Assistant Prosecuting Attorney, for appellee.

Barnhart Law Office, L.L.C., and Robert B. Barnhart, for appellant.

_____