[Cite as *State v. Reese*, 2019-Ohio-3453.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| DARREN M. REESE | : | Case No. CT2019-0033 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Court of Common
                                   Pleas, Case No. CR2015-0186


JUDGMENT:                          Affirmed


DATE OF JUDGMENT:                  August 26, 2019


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

TAYLOR P. BENNINGTON                      DARREN M. REESE, PRO SE
27 North Fifth Street                     No. A719-244
P.O. Box 189                              Noble Correctional Institution
Zanesville, OH  43702-0189                15708 McConnelsville Road
                                          Caldwell, OH  43724-8902

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Darren M. Reese, appeals the April 12, 2019 entry of the Court of Common Pleas of Muskingum County, Ohio, denying his motion to correct void judgment.  Plaintiff-Appellee is state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On June 3, 2015, the Muskingum County Grand Jury indicted appellant on four counts of trafficking in drugs in violation of R.C. 2925.03, one count of illegal manufacture of drugs in violation of R.C. 2925.04, and one count of possessing drugs in violation of R.C. 2925.11.

{¶ 3}   On August 17, 2015, appellant pled no contest to the charges.  By entry filed August 19, 2015, the trial court found appellant guilty, and by entry filed September 24, 2015, the trial court sentenced appellant to an aggregate term of sixteen years in prison.

{¶ 4}   Appellant filed an appeal, arguing he was improperly convicted based on the total weight of the narcotics rather than the weight of the pure amount of cocaine. This court affirmed appellant's convictions.  *State v. Reese,* 5th Dist. Muskingum No. CT2015-0046, 2016-Ohio-1591, *aff'd,* 150 Ohio St.3d 565, 2017-Ohio-2789, 84 N.E.3d 1002.

{¶ 5}   On November 30, 2018, appellant filed a motion to correct void judgment, challenging the subject matter jurisdiction of the trial court because the indictment failed to include specific numerical designations; therefore, he was improperly charged and his sentences should be deemed void.  Appellant further argued two of his counts were allied

offenses and should have been merged for sentencing. By entry filed April 12, 2019, the trial court denied the motion.

{¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 7} "THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO MERGE ILLEGAL MANUFACTURING AND TRAFFICKING IN THE SAME DRUG AND QUANTITY, BECAUSE DOCTRINE OF *STARE DECISIS* MADE THE FINDING OF **STATE V. WILSON**, 2016-OHIO-1672, ¶30 BINDING, THEREBY ALSO VIOLATING THE PROTECTIONS OF THE DOUBLE JEOPARDY CLAUSE."[1]

II

{¶ 8} "THE TRIAL COURT COMMITTED PLAIN, REVERSIBLE ERROR IN FAILING TO VACATE VOID CONVICTIONS AND SENTENCES FOR COUNTS 1, 2, 3, 5, & 6 WHERE THE INDICTMENT FAILED TO INCLUDE THE MATERIAL INGREDIENTS THAT ELEVATES THE CHARGES BEYOND FIFTH DEGREE FELONIES."

{¶ 9} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in relevant part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

---

[1] The proper citation for the *Wilson* case is **2006**-Ohio-1672, not 2016.

{¶ 10} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 11} This appeal shall be considered in accordance with the aforementioned rules.

## I, II

{¶ 12} In his two assignments of error, appellant challenges the trial court's denial of his motion to correct void judgment.

{¶ 13} Appellant could have raised his complained of issues in his direct appeal, but did not do so. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. *See Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995).

{¶ 14} Accordingly, "[t]o survive preclusion by *res judicata,* a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik,* 9th Dist. Lorain No. 98CA007279, 2000 WL 254908, *1 (Mar. 8, 2000). Void sentences are "not precluded from appellate review by principles

of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack."

*State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of

the syllabus.   However, a voidable sentence "can be set aside only if successfully

challenged on direct appeal."  *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873

N.E.2d 306, ¶ 28, citing *State v. Filiaggi*, 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999).

{¶ 15} Because appellant failed to raise the issues herein in his direct appeal, he

is attempting to circumvent the doctrine of res judicata by claiming his convictions were

void because the trial court lacked subject matter jurisdiction.  "Because subject matter

jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never

be waived and may be challenged at any time."  *United States v. Cotton,* 535 U.S. 625,

630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *State ex rel. Tubbs Jones v. Suster*, 84

Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998).

{¶ 16} Appellant argues the trial court lacked subject matter jurisdiction due to

defects in the indictment.  As explained by our colleagues from the Seventh District in

*State v. Bragwell,* 7th Dist. Mahoning No. 06-MA-140, 2008-Ohio-3406, ¶ 14:

> A defective indictment renders the charge voidable, not void. *State*
>
> *v. Haley,* (July 7, 1995), 2d Dist. Nos. 94-CA-89, 94-CA-108, 94-CA-109.
>
> The error does not deprive the trial court of subject matter jurisdiction and
>
> the error is generally "waived on appellate review when a timely objection
>
> before the trial court could have permitted [its] correction."  *Id.*, quoting *City*
>
> *of Trotwood v. Wyatt* (Jan. 21, 1993), 2d Dist. No. 13319; *State v. Wade*

(1978), 53 Ohio St.2d 182, 373 N.E.2d 1244, vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3138, 57 L.Ed.2d 1157.

{¶ 17} In reviewing appellant's arguments herein on the alleged deficiencies of the indictment, we find they do not affect the trial court's subject matter jurisdiction. Appellant could have raised the defects in the indictment in his direct appeal, but failed to do so; therefore, his arguments are barred by the doctrine of res judicata. Same for his argument on allied offenses and merger of sentence; he did not raise the issue in his direct appeal and res judicata applies.

{¶ 18} Upon review, we find the trial court did not err in denying appellant's motion to correct void conviction.

{¶ 19} Assignments of Error I and II are denied.

{¶ 20} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/725