[Cite as *State v. Hatfield*, 2019-Ohio-3909.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 19AP-5 |
| v. | : | (C.P.C. No. 03CR-905) |
| Todd L. Hatfield, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 26, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Todd L. Hatfield*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendant-appellant, Todd L. Hatfield, pro se, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion challenging the subject-matter jurisdiction of the trial court. Because the trial court properly denied appellant's motion, we affirm.

{¶ 2} In February 2003, appellant was indicted on one count of aggravated murder, one count of tampering with evidence, and one count of gross abuse of a corpse. In November 2003, a jury found appellant guilty of all three offenses. Appellant was sentenced to life in prison with parole eligibility after 20 years for aggravated murder, 4 years for tampering with evidence, and 11 months for gross abuse of a corpse. The trial court ordered the sentences to run consecutively. On appeal, appellant argued that the jury

verdicts were not supported by sufficient evidence and were against the manifest weight of the evidence. Appellant also claimed errors related to his sentence. This court affirmed appellant's convictions, but remanded the matter for the trial court to correct the sentencing errors. *State v. Hatfield,* 10th Dist. No. 04AP-402, 2004-Ohio-6450.

{¶ 3} Over the years, appellant has filed numerous motions seeking various forms of relief, most of which have been unsuccessful. *See State v. Hatfield,* 10th Dist. No. 05AP-740 (Apr. 6, 2006 Judgment Entry) (denial of motion challenging resentence reversed pursuant to *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856); *State v. Hatfield,* 10th Dist. No. 06AP-1205, 2007-Ohio-3735 (denial of motion challenging resentence on ex post facto and due process grounds affirmed); *State v. Hatfield,* 10th Dist. No. 07AP-245 (Dec. 6, 2007) (memorandum decision) (denial of motions to suspend fines and costs and inspect grand jury proceedings affirmed); *State v. Hatfield,* 10th Dist. No. 07AP-784, 2008-Ohio-1377 (denial of petition for postconviction relief and motion for summary judgment affirmed); *State v. Hatfield,* 10th Dist. No. 11AP-1045, 2012-Ohio-3473 (denial of motion for production of transcripts affirmed); *State v. Hatfield,* 10th Dist. No. 12AP-824 (Apr. 25, 2013) (denial of motion for return of property affirmed).

{¶ 4} Most recently, on August 23, 2018, appellant filed a pro se motion challenging the trial court's subject-matter jurisdiction. Specifically, appellant claimed that the indictment charging him with aggravated murder, tampering with evidence, and gross abuse of a corpse did not conform to Crim.R. 3, as it did not include the degree of felony associated with the crimes. Appellant maintained that this infirmity in the indictment resulted in his never being charged with the crimes for which he was convicted. Thus, argued appellant, the trial court lacked subject-matter jurisdiction, rendering his convictions void. By decision and entry filed September 4, 2018, the trial court denied appellant's motion. Appellant did not appeal that judgment.

{¶ 5} On October 4, 2018, appellant filed another pro se motion challenging the trial court's subject-matter jurisdiction. In this filing, appellant asserted an argument slightly different than that raised in his August 23, 2018 motion. Specifically, appellant argued that the trial court was without subject-matter jurisdiction because the record contains no complaint against him pursuant to Crim.R. 3. Appellant contends that because he was never charged with a crime pursuant to Crim.R. 3, the trial court lacked subject-

matter jurisdiction and his convictions are thus void.  Plaintiff-appellee, State of Ohio, filed a memorandum contra on November 28, 2018.  By decision and entry filed December 11, 2018, the trial court denied appellant's motion on grounds that the motion (1) constituted an untimely petition for postconviction relief, (2) raised issues that were barred by res judicata, and (3) lacked merit because Crim.R. 3 does not apply to his case.

{¶ 6}  Appellant has timely appealed the trial court's judgment and raises a single assignment of error for our review:

> THE COMMON PLEAS TRIAL COURT FOR FRANKLIN COUNTY HAS ABUSED ITS DISCRETION, BY FAILING TO DISMISS THE APPELLANTS CASE WITH PREJUDICE, BY LITIGATING A MATTER IN WHICH THE TRIAL COURT DID NOT HAVE SUBJECT, MATTER, JURISDICTION/JURISDICTION CAUSEING THE JUDGMENT OF CONVICTION TO BE VOID.

(Sic passim.)

{¶ 7}  In his assignment of error, appellant asserts that the trial court abused its discretion in denying his motion challenging its subject-matter jurisdiction.  We disagree.

{¶ 8}  As noted above, appellant argues that because the record contains no complaint against him as provided for in Crim.R. 3, he was never actually charged with the crimes for which he was convicted and sentenced; thus, such are void.  Appellant's argument reflects a fundamental misunderstanding of Ohio criminal process.

{¶ 9}  Minor criminal prosecutions may be initiated by complaint as set forth in Crim.R. 3.  *State v. Luther,* 11th Dist. No. 2003-A-0130, 2005-Ohio-950, ¶ 13.  A complaint pursuant to Crim.R. 3 and 4 may also be used to initiate the criminal process in arresting an individual.  *State v. Carpenter,* 5th Dist. No. 02CA001, 2002-Ohio-6555, ¶ 19. However, prosecutions for felonies may only be initiated by indictment of the grand jury.  Ohio Constitution, Article I, Section 10 ("no person shall be held to answer for a capital, or otherwise infamous, crime unless on presentment or indictment of a grand jury"); Crim. R. 7(A) (all * * * felonies shall be prosecuted by indictment").  Thus, a criminal prosecution may be initiated by indictment as well as by complaint.  *State v. Ervin*, 8th Dist. No. 100366, 2014-Ohio-1631, ¶ 15.  In the present case, appellant was charged with felonies (including aggravated murder, a capital offense) pursuant to a grand jury indictment in

accordance with the Ohio Constitution and Crim.R. 7(A); thus, the absence of a complaint under Crim.R. 3 is of no import. *Luther* at ¶ 13.

{¶ 10} Appellant could have raised the argument regarding Crim.R. 3 in his direct appeal, but did not do so. "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant * * * from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that *was raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment." (Emphasis sic.) *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 11} Appellant is attempting to circumvent the doctrine of res judicata by claiming his convictions are void because the trial court lacked subject-matter jurisdiction. Where a court acts without jurisdiction, any proclamation by that court is void. *State ex rel. Jones v. Suster,* 84 Ohio St.3d 70, 75 (1998). Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. *Id.*

{¶ 12} Appellant's claim that the trial court lacked subject-matter jurisdiction because he was not charged by complaint pursuant to Crim.R. 3 is analogous to a claim that the indictment filed against him was defective. However, a defective indictment renders the charge voidable, not void. *State v. Reese,* 5th Dist. No. CT2019-0033, 2019-Ohio-3453, ¶ 16. An infirmity in the indictment does not deprive the trial court of subject-matter jurisdiction and such error is generally waived on appellate review when a timely objection before the trial court could have permitted its correction. *Id. See also State v. Boyle,* 2d Dist. No. 2018-CA-12, 2018-Ohio-3284, ¶ 9 (whether an indictment is defective is a matter that is only capable of being raised on direct appeal and cannot be addressed in a collateral attack). Because appellant could have raised his claim in his direct appeal but failed to do so, it is barred by the doctrine of res judicata.

{¶ 13} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and NELSON, JJ., concur.

———————————