[Cite as *Abercrombie v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-5606.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Steven Abercrombie, | : | |
| Plaintiff-Appellant, | : | No. 16AP-744 |
| | | (Ct. of Cl. No. 2015-00946) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on June 29, 2017

**On brief:** *Steven Abercrombie*, pro se.

**On brief:** *Michael DeWine*, Attorney General, *Frank S. Carson*, and *Howard H. Harcha, IV*, for appellee.

APPEAL from the Court of Claims of Ohio

BROWN, J.

{¶ 1} This is an appeal by plaintiff-appellant, Steven Abercrombie, from an entry of the Court of Claims of Ohio granting summary judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC") on appellant's claim of false imprisonment.

{¶ 2} On November 5, 2015, appellant filed a pro se complaint against ODRC in the Court of Claims, alleging a cause of action for wrongful imprisonment. According to the complaint, appellant was convicted in Summit County in 2008 of one count of robbery and a repeat violent offender ("RVO") specification, and the trial court sentenced him to a five-year term of imprisonment (i.e., a four-year term for the robbery conviction,

to be served consecutive to a one-year term for the RVO conviction). The complaint alleged that appellant had served his five-year term as of March 5, 2013, but that ODRC refused to release him from incarceration. ODRC filed an answer, admitting that appellant was an inmate in its custody during the relevant times of the complaint but denying that his prison term had expired.

{¶ 3} On February 5, 2016, appellant filed a motion for leave to file an amended complaint to change his claim of wrongful imprisonment to a claim of false imprisonment. By entry filed March 1, 2016, the Court of Claims granted appellant's motion for leave to amend the complaint.

{¶ 4} On March 15, 2016, ODRC filed a motion for summary judgment. In the accompanying memorandum in support, ODRC argued that, despite appellant's claim that his five-year prison term imposed in Summit County expired on March 5, 2013, he was still lawfully incarcerated on other charges. Specifically, ODRC asserted that appellant was on parole at the time he committed the robbery offense in Summit County and that the earlier "sentences from which he was paroled were reinstated" following his return to the custody of ODRC. In support of summary judgment, ODRC submitted the affidavit of an ODRC employee who averred in part that one of the prior sentences (imposed in Cuyahoga County) had a maximum expiration date of October 27, 2019.

{¶ 5} On April 6, 2016, appellant filed a memorandum contra the motion for summary judgment. By entry filed October 5, 2016, the Court of Claims granted summary judgment in favor of ODRC.

{¶ 6} On appeal, appellant, pro se, sets forth the following four assignments of error for this court's review:

> ASSIGNMENT OF ERROR ONE:
>
> Trial court committed prejudicial error when the court granted summary judgment in favor of defendant when a genuine issue of material fact remain to be litigated in violation of Civ.R. 56.
>
> ASSIGNMENT OF ERROR TWO:
>
> Trial court committed prejudicial error when the court granted summary judgment in favor of defendant upon

> inadmissible evidence to support defendant judgment motion violation of Civ.R. 56(E).
>
> ASSIGNMENT OF ERROR THIRD:
>
> Trial court committed prejudicial error in granting ODRC defendant summary judgment motion Civ.R. 56(B)(E) without giving plaintiff the opportunity to conduct discovery matters Civ.R. 56(F).
>
> ASSIGNMENT OF ERROR FOURTH
>
> Trial court committed prejudicial error in denying the plaintiff motion for court ordered of compelling discovery matters against the defendant Civ.R. 37(A)(2)(3)(D).

{¶ 7} Under his first assignment of error, appellant challenges the Court of Claims' grant of summary judgment in favor of ODRC. Appellant maintains a genuine issue of material fact remains as to whether ODRC had the authority to incarcerate him after March 5, 2013, on the basis of his prior Cuyahoga County conviction and sentence.

{¶ 8} Pursuant to Civ.R. 56, summary judgment is proper when: "(1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party." *Lee v. Cleveland,* 151 Ohio App.3d 581, 2003-Ohio-742, ¶ 16 (8th Dist.). This court's review of an appeal from summary judgment is de novo. *Id.*

{¶ 9} Under Ohio law, "[f]alse imprisonment occurs when a person confines another intentionally ' "without lawful privilege and against his consent within a limited area for any appreciable time, however short." ' " *Bennett v. Ohio Dept. of Rehab. & Corr.,* 60 Ohio St.3d 107, 109 (1991), quoting *Feliciano v. Kreiger,* 50 Ohio St.2d 69, 71 (1977), quoting 1 Harper & James, The Law of Torts, Section 3.7, at 226 (1956). Under the provisions of R.C. 2743.02(A)(1), "the state may be held liable for the false imprisonment of its prisoners." *Bennett* at paragraph two of the syllabus. However, " 'an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear[s] that such judgment or order is void.' " *Id.* at 111, quoting *Diehl v. Friester,* 37 Ohio St. 473, 475 (1882).

{¶ 10} In support of its motion for summary judgment, ODRC submitted the affidavit of Shannon Castlin, a "Correctional Records Sentence Computation Auditor of the Bureau of sentence Computation." In the affidavit, Castlin averred she had personally reviewed appellant's ODRC files relating to his sentence and length of incarceration with ODRC. Castlin further averred the following:

4. In 1994, Plaintiff Steven Abercrombie was incarcerated in the State of Michigan. Due to a capias issued by the Cuyahoga Court of Common Pleas, the State of Michigan extradited Plaintiff Abercrombie to Ohio to face charges in Cuyahoga County. Mr. Abercrombie then remained in Ohio to face charges in a Summit County case, a Medina County case and another Summit County case. After sentencing in all such cases, Mr. Abercrombie was then sent back to Michigan to serve out the remainder of his term, which based on all sentencing orders, was to run concurrent to his Ohio sentences.

5. On November 2, 1994 Plaintiff Steven Abercrombie was convicted of aggravated robbery in Cuyahoga County Case No. CR297040, and sentenced to 7 to 25 years (with 113 days credited for time served prior to his confinement with ODRC, or "jail time credit"). Also on November 2, 1994, Mr. Abercrombie was convicted of aggravated robbery in Cuyahoga County Case No. CR295116, and sentenced to 7 to 25 years (with 113 days of jail time credit). These Cuyahoga County sentences were to be served concurrent to each other and concurrent to sentences Plaintiff Abercrombie had received in the state of Michigan, giving Mr. Abercrombie an aggregate sentence of 7 to 25 years (with 113 days credited for time served in county jails prior to his confinement with ODRC ("jail time credit") for a maximum sentence expiration of October 27, 2019 (*25 years from February 23, 1995 * * * minus 113 days*).

6. On February 22, 1995, Mr. Abercrombie was convicted of five counts of robbery in Summit County Court of Common Pleas Case No. CR93010140, and sentenced to 5 to 15 years (with 146 days of jail time credit) on each of the 5 counts, to be served concurrently to each other and concurrent to his Cuyahoga County and Michigan sentences. Because Mr. Abercrombie's [S]ummit [C]ounty sentence was less than his Cuyahoga sentence, the Cuyahoga sentence was the controlling sentence. Therefore, after this conviction, Mr.

Abercrombie's maximum sentence expiration remained at October 27, 2019.

7. Mr. Abercrombie was conveyed into the custody and control of ODRC on February 23, 1995 after his sentencing in the first of the Summit County cases.

8. Additional charges against Plaintiff Abercrombie were pending in Medina County Case No. 93CR0336. Consequently, on March 17, 1995, Mr. Abercrombie was transported to court to face the Medina County charges, where he was convicted of 2 counts of robbery and sentenced to 5 to 15 years (0 days of jail time credit) on each of the two counts, to be served concurrent to each other and concurrent to his other sentences. Thus Mr. Abercrombie's maximum sentence expiration remained at October 27, 2019.

9. Additional charges against Plaintiff Steven Abercrombie also remained pending in Summit County as Case No. CR95030887. * * * After his sentencing in this Summit County case, Mr. Abercrombie was returned to Michigan in order for him to serve his required Michigan sentence. He was transported out of Ohio on May 15, 1995.

Our office then received the additional Summit County sentence in Case No. CR95030887, which was 5 to 15 years (with a jail time credit of 28 days) for 1 count of robbery, to be served concurrent to his other sentences. At this time, Mr. Abercrombie's maximum sentence expiration remained at October 27, 2019.

10. On December 5, 2006, Mr. Abercrombie returned from Michigan to serve the remainder of his Ohio sentences. Because all sentences were being served concurrently, his maximum sentence expiration remained unchanged at October 27, 2019.

11. On August 20, 2007, Mr. Abercrombie was paroled, only to return to prison on July 14, 2008 for robbery charges related to an incident that occurred while Mr. Abercrombie was on parole. As a result, Mr. Abercrombie was convicted of robbery in Summit County Case No. CR08030965. He was sentenced to 4 years with a 1 year sentence for a Repeat Violent Offender, such 4 year and 1 year terms to be served consecutively to each other, for a total of 5 years (with jail time credit of 116 days). This new aggregate sentence of 5

> years was to be served concurrently to all other convictions as described above.
>
> 12. Because Mr. Abercrombie committed this crime while on parole, the sentences from which he was paroled are reinstated once he returns to the custody of ODRC. All sentences, including this new one, were to be served concurrently. Therefore, upon returning to prison, Plaintiff Steven Abercrombie's maximum sentence expiration date once again became October 27, 2019 and remains as such to this date.

(Emphasis sic.)

{¶ 11} Attached to the affidavit were various exhibits, including copies of the sentencing entries in Cuyahoga County case Nos. CR-297040 and CR-295116; those entries indicate the court sentenced appellant to terms of incarceration of 7 to 25 years in each case, to be served concurrent to each other and "concurrent with sentences in [the] state of Michigan."

{¶ 12} In its decision granting summary judgment in favor of ODRC, the Court of Claims held in part that ODRC "was legally justified to confine [appellant] at all relevant times. There is no evidence presented by [appellant] to indicate that the court documents are invalid. [Appellant's] mere statements that the sentencing entry by Cuyahoga County is invalid does not invalidate the entry."

{¶ 13} Based on this court's de novo review, we find no error by the Court of Claims. As set forth above, the record on summary judgment includes the affidavit of Castlin, an ODRC correctional records sentence computation auditor, who averred that appellant was convicted of aggravated robbery in Cuyahoga County on November 2, 1994, resulting in a sentence of 7 to 25 years and a maximum sentence expiration date of October 27, 2019. The affidavit further averred that appellant was paroled in August 2007, but that he was convicted in 2008 of robbery and a RVO specification, resulting in imposition of a five-year sentence; further, because appellant was on parole at the time of the 2008 offense, the sentences from which he was paroled were reinstated, and his "maximum sentence expiration date once again became October 27, 2019 and remains as such to this date."

{¶ 14} In his memorandum contra ODRC's motion for summary judgment, appellant submitted his own affidavit in which he asserted that the sentencing entry in the Cuyahoga County case "is void on its face where the sentencing entry is used by the defendant to continue the plaintiff['s] imprisonment." Appellant's conclusory allegation that the sentencing entry in the Cuyahoga County case is void is without support from the record. Rather, based on a review of the documents and materials submitted as part of the record on summary judgment, we agree with the Court of Claims' determination that there is no evidence that any of the sentencing entries at issue are invalid. Accordingly, the Court of Claims did not err in finding ODRC submitted sufficient evidence to support its motion for summary judgment and that appellant failed to raise a genuine issue of material fact.

{¶ 15} Appellant's first assignment of error is without merit and is overruled.

{¶ 16} Under his second assignment of error, appellant contends the Court of Claims erred in utilizing inadmissible evidence to support its grant of summary judgment in favor of ODRC. Specifically, appellant contends the affidavit of ODRC employee Castlin fails to meet all the requirements of Civ.R. 56(E) by not including language establishing the competence of the affiant.

{¶ 17} As noted by ODRC, however, appellant never challenged the affidavit of Castlin on the basis of failure to comply with Civ.R. 56(E) in its filings before the Court of Claims. Under Ohio law, the "[f]ailure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C)." *Stegawski v. Cleveland Anesthesia Group, Inc.,* 37 Ohio App.3d 78, 83 (8th Dist.1987). *See also Nationwide Mut. Fire Ins. Co. v. Wittekind,* 134 Ohio App.3d 285, 289 (4th Dist.1999) (appellant's failure to object to affidavit attached to motion for summary judgment constituted waiver of any alleged error); *Chase Bank USA, NA v. Lopez,* 8th Dist. No. 91480, 2008-Ohio-6000, ¶ 16 (appellant could not raise for first time on appeal a claim that affidavit attached to motion for summary judgment did not meet the requirements of Civ.R. 56(E)). Here, because appellant failed to move to strike this evidence or otherwise object, the Court of Claims, "in its discretion," could review the

affidavit and documentary evidence. *Stegawski* at 83. Accordingly, appellant has waived any purported error by the Court of Claims in considering those materials.

{¶ 18} Appellant's second assignment of error is without merit and is overruled.

{¶ 19} Appellant's third and fourth assignments of error are interrelated and will be considered together. Under these assignments of error, appellant contends the Court of Claims erred in (1) granting summary judgment in favor of ODRC without giving him the opportunity to conduct discovery under Civ.R. 56(F), and (2) in denying his motion to compel discovery.

{¶ 20} By way of background, the trial court set the initial discovery cut-off date as August 12, 2016. On March 2, 2016, ODRC gave notice of service of its responses to appellant's first set of requests for production of documents. On March 23, 2016, appellant filed a request for an extension of time to respond to ODRC's motion for summary judgment, which the Court of Claims granted. On April 6, 2016, appellant filed a motion to continue discovery matters, seeking an extension of time to obtain "all parole release paper work." By entry filed May 12, 2016, the Court of Claims granted appellant's motion, affording him until June 10, 2016 to file a supplemental memorandum in opposition and any supporting evidence. The court also rescheduled the non-oral hearing on ODRC's motion for summary judgment for June 17, 2016. On June 13, 2016, appellant filed a motion for leave to file a third motion for an extension of time to file a supplemental memorandum in opposition to ODRC's motion for summary judgment. Appellant again indicated he was seeking "parole release paperwork." By entry filed July 6, 2016, the Court of Claims granted appellant leave until August 1, 2016 to file his supplemental memorandum in opposition.

{¶ 21} On July 28, 2016, appellant filed a motion to compel discovery responses and a motion to stay the non-oral hearing on ODRC's motion for summary judgment. In his motion to compel, appellant argued that ODRC had "placed redacted fraudulent document in the record to evade the truth to make it appear the plaintiff was [on] parole on the 7 to 25 years imposed by the Cuyahoga County Common Pleas Court case No. CR-297040." ODRC subsequently filed a memorandum contra appellant's motions. In responding to the motion to compel, ODRC maintained it had responded to the discovery requests, and that the redacted portions of the documents it provided were privileged. By

entry filed September 19, 2016, the Court of Claims denied appellant's motion to compel discovery. The court found that ODRC adequately responded to appellant's discovery requests by providing the redacted documents, and that the additional documents appellant sought in his June 30, 2016 letter were "irrelevant to his claims."

{¶ 22} Under Ohio law, "[t]rial courts possess broad discretion over the discovery process," and an appellate court reviews a trial court's decision on a discovery matter for an abuse of discretion. *MA Equip. Leasing I, LLC v. Tilton*, 10th Dist. No. 12AP-564, 2012-Ohio-4668, ¶ 13.

{¶ 23} Upon review, we find no error by the Court of Claims in its determination that ODRC complied with discovery requests by providing requested documents in redacted form. Nor do we find error with the court's determination that certain requested documents were irrelevant to the claim, i.e, that the documentation was not relevant to the validity of the original sentencing order. The record indicates that appellant, based on an attachment filed as part of his motion to compel, sought various additional documents from ODRC including an "Informal Complaint Resolution," a "Notification of Grievance," a "Disposition of Grievance," an "Appeal to The Chief Inspector," "Ohio Parole Board Decisions," and certain "release paperwork." Here, the Court of Claims did not abuse its discretion in failing to issue an order to compel ODRC to provide information the court determined to be not relevant. *See BancOhio Natl. Bank v. Cardinal Constr. Co.*, 10th Dist. No. 89AP-1510 (Feb. 7, 1991) (trial court did not err in refusing to compel plaintiff to comply with defendant's discovery requests where matters were irrelevant to the issues in case).

{¶ 24} Appellant's contention that the Court of Claims erred in failing to provide him the opportunity to conduct discovery is not persuasive. The record indicates the Court of Claims granted appellant's requests for three time extensions to respond to the motion for summary judgment, and appellant failed to demonstrate that further discovery would have uncovered additional evidence to create a genuine issue of material fact. Thus, the Court of Claims did not abuse its discretion in granting summary judgment in favor of ODRC without affording him the opportunity to conduct additional discovery.

{¶ 25} Accordingly, appellant's third and fourth assignments of error are without merit and are overruled.

{¶ 26} Based on the foregoing, appellant's four assignments of error are overruled, and the judgment of the Court of Claims of Ohio is hereby affirmed.

*Judgment affirmed.*

TYACK, P.J., and LUPER SCHUSTER, J., concur.

_____