[Cite as *State v. Hayden*, 2021-Ohio-1604.]


IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY


STATE OF OHIO                        :
                                     :
        Plaintiff-Appellee           :    Appellate Case No. 28991
                                     :
v.                                   :    Trial Court Case No. 1990-CR-308
                                     :
ROBERT O. HAYDEN                     :    (Criminal Appeal from
                                     :    Common Pleas Court)
        Defendant-Appellant          :
                                     :


. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of May, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant
Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division,
Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio
45422
        Attorney for Plaintiff-Appellee

ROBERT O. HAYDEN, #226-375, P.O. Box 5500, Chillicothe, Ohio 45601
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Robert O. Hayden appeals pro se from an order of the Montgomery County Court of Common Pleas, which overruled his "Motion to Enforce Sentencing Entry Under the Ohio Constitution Act IV and I Judicial Power" (hereinafter "motion to enforce"). Hayden filed a timely notice of appeal on December 17, 2020.

{¶ 2} On November 24, 2020, Hayden filed his motion to enforce, arguing that the Ohio Department of Rehabilitation and Correction (ODRC) continued to imprison him beyond the maximum term of the sentence that was imposed when he was convicted of rape in May 1990. The record establishes that the trial court sentenced Hayden to a prison term of not less than ten years and no more than 25 years. The trial court denied Hayden's motion to enforce on November 30, 2020.

{¶ 3} It is from this order that Hayden now appeals.

{¶ 4} We note that Hayden filed his original appellate brief on January 11, 2021. However, on January 22, 2021, he filed an amended brief, and we struck the original brief from the record. (Decision & Entry, March 4, 2021). The State filed its brief on March 10, 2021; Hayden filed a reply brief on March 22, 2021, and an additional filing captioned "Notice Evid.R. 201(E)" on March 26, 2021.

{¶ 5} Hayden's sole assignment of error states:

APPELLANT/HAYDEN WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF THE FOURTEENTH AMENDMENT UNDER STATUTORY LAW IN VIOLATION OF THE UNITED STATES AND OHIO CONSTITUTIONS.

{¶ 6} Hayden purports to argue that his rights to due process and equal protection were violated when the trial court denied his motion to enforce. However, Hayden

actually argues that he has served the entirety of his sentence for his rape conviction but remains incarcerated. Hayden therefore contends that he is entitled to release from prison.

{¶ 7} As the State points out, the proper method by which to raise this argument was for Hayden to file a petition for a writ of habeas corpus. Habeas corpus is available where an individual's maximum sentence has expired and he is being held unlawfully. *Morgan v. Adult Parole Auth.,* 68 Ohio St.3d 344, 346, 626 N.E.2d 939 (1994). Rather than filing a petition for a writ of habeas corpus, Hayden mistakenly filed his motion to enforce with the trial court under his original criminal case number. However, habeas relief falls outside the jurisdiction of the criminal court that originally convicted a defendant. Once a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends. *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 9. Therefore, after the judgment entry of conviction was filed by the trial court on May 17, 1990, its jurisdiction ended with respect to Hayden's criminal case.

{¶ 8} Furthermore, when a habeas petitioner is an inmate of a correctional institution, "no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for [the inmate's] production or discharge." R.C. 2725.03. The Supreme Court of Ohio has held that, where a petition is filed in the wrong judicial district, the court does "not have jurisdiction to determine the issues in the habeas case on their merits." *In re Caves v. Kelly*, 2d Dist. Clark No. 2015-CA-18, 2016-Ohio-230, ¶ 5, citing *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 11.

{¶ 9} Accordingly, neither this Court nor the Montgomery County Court of Common

Pleas has jurisdiction to rule on a habeas petition filed by Hayden, because he is currently incarcerated at the Chillicothe Correctional Institution in Ross County, Ohio. Ross County is located in the Fourth Appellate District of Ohio. R.C. 2501.01(D). Therefore, even if we were to construe Hayden's motion to enforce as a properly filed petition for a writ of habeas corpus, neither we nor the trial court would have jurisdiction to address the merits of the motion.

{¶ 10} Hayden's sole assignment of error is overruled.

{¶ 11} The judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Ketter
Robert O. Hayden
Hon. Mary Katherine Huffman