[Cite as *Hayden v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-2574.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Robert O. Hayden, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 25AP-172 |
| v. | : | (Ct. of Cl. No. 2024-00454JD) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on July 22, 2025

**On brief:** *Robert O. Hayden*, pro se. **Argued:** *Robert O. Hayden*.

**On brief:** *Dave Yost*, Attorney General, *Daniel J. Benoit*, and *Lindsey M. Grant*, for appellee. **Argued:** *Daniel J. Benoit*.

APPEAL from the Court of Claims of Ohio

BEATTY BLUNT, J.

{¶ 1}  Plaintiff-appellant, Robert O. Hayden, appeals the January 22, 2025 decision of the Court of Claims of Ohio granting the motion for summary judgment filed by defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"), denying Hayden's own motion for summary judgment, and granting judgment as a matter of law to ODRC.

{¶ 2}  In an amended complaint, Hayden asserted that his imposed prison sentence had been "modified from 10 to 25 years too [sic] 15 to 40 years" resulting in the loss of "9 years of freedom," and that his sentence "was voidable and subject to res judicata." (June 6, 2024 Am. Compl. at 2.)  Hayden subsequently filed a motion for summary judgment in his favor, arguing that the sentence imposed for his 1990 conviction of rape had been "*not less*

*than (10)* years Actual Incarceration and *no more* than twenty -five (25) years," but that ODRC's Bureau of Sentence Computation ("BOSC") had illegally "disregard[ed] [] facially valid entries" and "transform[ed] his sentence" by adding 9 extra years to his original sentence, and claimed damages of $7 million.  (Emphasis in original.)  (Sept. 20, 2024 Memo Law in Support of Mot. for Summ. Jgmt. of Robert O. Hayden at 1-3; May 17, 1990 Termination Entry filed in *State v. Hayden*, Montgomery C.P. No. 09-CR-308, attached to Memo as Ex. B.)  ODRC filed a response and a motion for summary judgment of its own, arguing that because Hayden was on parole for a prior sentence at the time he committed the rape offense, that sentence was required by former R.C. 2929.41(B)(3) to be served consecutively to a parole violation attached to his 1984 sentence of 5 to 15 years for attempted rape.  (*See* Oct. 7, 2024 Def.'s Resp. to Pl.'s Mot. for Summ. Jgmt. and Def.'s Mot. for Summ. Jgmt. at 2, quoting *Hayden v. Mohr*, 2017 Ohio App. LEXIS 18809, *1 (May 4, 2017 6th Cir.).)  ODRC's memorandum observed that the Sixth Circuit held that "ODRC did not administratively increase Hayden's sentence, but rather calculated his release date based on the sentences imposed by trial judges in his two cases." *Id.* at 3 (quoting *Hayden* at *5).  ODRC supported its argument with sentencing entries from the two cases and an affidavit from a BOSC supervisor, which stated in part as follows:

> Hayden was admitted to [O]DRC on September 12, 1984 to serve a sentence from Montgomery County Common Pleas Court Case number 84-CR-1166 for attempted rape. He was sentenced to serve 5-15 years for that conviction. A true and accurate copy of the Entry for the sentence in that case is attached to this Affidavit as Ex. A

> Hayden was paroled on March 17, 1989. A true and accurate copy of the Certificate of Parole/Release Authorization for Hayden is attached to this Affidavit as Ex. B.

> . . .

> Since [the] 1989 rape was committed while Hayden was on parole for attempted rape, and the journal entry for the subsequent rape conviction was silent, the sentences automatically run consecutively pursuant to Ohio Revised Code 2929.41(B), which gives a sentence of 15-40 years with a maximum expiration of sentence of March 30, 2024. Hayden was released on March 30, 2024.

> While in the custody of [O]DRC, Hayden was imprisoned in accordance with the judgment entries issued by Montgomery County Court of Common Pleas in Case No. 84-CR-1166 and 90-CR-308. No irregularities or other invalidating characteristics were noted in regards to the judgment entries issued on those two cases.

(Aff. of Carla Black at ¶ 4-8, attached to Def.'s Resp. to Pl.'s Mot. for Summ. Jgmt. and Def.'s Mot. for Summ. Jgmt. as Ex. A.)

{¶ 3} In reviewing the cross-motions for summary judgment, the Court of Claims construed Hayden's amended complaint as claiming he was falsely imprisoned and held that

> reasonable minds can only conclude that [Hayden] cannot demonstrate that [ODRC] confined him beyond the expiration of his lawful term of confinement. . . . [ODRC] has demonstrated that it properly calculated the expiration of [Hayden]'s aggregate term of imprisonment and at all times confined [Hayden] in accordance with the sentencing entries from the Montgomery County Common Plea Court. Even when construing the evidence most strongly in [Hayden]'s favor, [he] fails to demonstrate the existence of a genuine issue of material fact on his false imprisonment claim.

(Jan. 22, 2025 Entry Granting Def.'s Mot. for Summ. Jgmt. at 5-6.) This appeal followed, and Hayden now for the first time on appeal argues both that his due process rights were violated because he was not provided a hearing when his parole on the 1984 case was revoked and that ODRC committed a fraud on the Court of Claims because it did not submit a transcript to establish that a revocation hearing ever occurred. ODRC responds that Hayden has forfeited these claims by raising them for the first time on appeal, and also that even if he had raised them below that the Court of Claims does not have jurisdiction over alleged violations of constitutional rights and moreover that its alleged failure to provide a transcript of Hayden's 1994 parole violation hearing was, given all the other evidence submitted, insufficient to justify denial of its motion for summary judgment.

{¶ 4} Civ.R. 56(C) provides that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Supreme Court of Ohio has explained that

"[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. The burden of showing that no genuine issue of material fact exists falls upon the party who files for summary judgment." *Byrd v. Smith*, 2006-Ohio-3455, ¶ 10. In deciding motions for summary judgment, the trial court must give the nonmoving party "the benefit of all favorable inferences when evidence is reviewed for the existence of genuine issues of material facts." *Id.* at ¶ 25. Appellate review of a trial court's decision on summary judgment is de novo, and the appellate court applies the same standards as the trial court. *Bonacorsi v. Wheeling & Lake Erie Ry.*, 2002-Ohio-2220, ¶ 24.

{¶ 5} "False imprisonment occurs when a person confines another intentionally without lawful privilege and against his consent within a limited area for any appreciable time, however short." (Internal citations and quotation marks omitted.) *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d. 107, 109 (1991). Ohio has partially waived its sovereign immunity from liability in R.C. 2743.02(A)(1), and as a result " 'the state may be held liable for the false imprisonment of its prisoners.' " *Abercrombie v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-5606, ¶ 9 (10th Dist.), quoting *Bennett* at paragraph two of the syllabus. But "an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appears that such judgment or order is void." *Id.,* quoting *Bennett* at 111 (internal citations and quotation marks omitted). "To prevail on a claim for false imprisonment against the state, a person must be able to demonstrate: '(1) expiration of the lawful term of confinement, (2) intentional confinement after the expiration, and (3) knowledge that the privilege initially justifying the confinement no longer exists.' " *Brandon v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-418, ¶ 17 (10th Dist.), quoting *Washington v. Ohio Adult Parole Auth.*, 2020-Ohio-3385, ¶ 22 (10th Dist.).

{¶ 6} We believe the Court of Claims properly interpreted Hayden's claim as one for false imprisonment, and we furthermore believe its analysis and decision granting summary judgment to the state on that claim is plainly correct. Based on the evidence submitted by both Hayden and by ODRC, Hayden is wholly unable to establish that he was confined after the expiration of his sentence, let alone that such confinement was

"intentional" or without "privilege." Indeed, the state was clearly *required* to confine Hayden in the fashion it did by R.C. 2929.41(B)(3). *Compare Richards v. Eberlin*, 2004-Ohio-2636, ¶ 10 (7th Dist.) (quoting former statute to state that a "sentence of imprisonment shall be served consecutively to any other sentences of imprisonment . . . [w]hen it is imposed for a new felony committed by a probationer, parolee, or escapee").

{¶ 7} We also reject Hayden's new arguments that his 1984 parole was improperly revoked. Obtaining a new conviction while on parole release is alone ample justification for revocation of that release, and Hayden does not claim that his 1990 conviction is void—in fact, he specifically argued it was voidable rather than void. (*See* Sept. 20, 2024 Memo of Law in Support of Mot. for Summ. Jgmt. of Robert O. Hayden at 2.) ODRC and BOSC submitted clear and undisputed evidence showing that Hayden had not served his maximum sentence of 15 years for his 1984 attempted rape conviction but rather had served only a bit over his minimum sentence of 5 years on that case. And insofar as Hayden presents a due process argument, even if the Court of Claims were permitted to consider such a claim, it would be barred by res judicata, as he has already presented and failed to properly present this claim in his criminal case. *See, e.g.*, *State v. Hayden*, 2021-Ohio-1604 (7th Dist.). Finally, Hayden has presented no evidence beyond his bare statement to suggest that his parole was not properly revoked in the regular course of prison administrative proceedings back when that revocation occurred, some 35 years ago.

{¶ 8} Based on all the foregoing, it is plain on the record that Hayden would be unable to prevail on his false imprisonment claim at a trial on the merits, as the evidence is insufficient to establish any semblance of wrongdoing in the calculation of his sentence. We conclude that the court's judgment was valid and correct, overrule both of Hayden's alleged assignments of error, and affirm the January 25, 2025 judgment of the Court of Claims of Ohio rendering judgment in favor of ODRC.

*Judgment affirmed.*

BOGGS and LELAND, JJ., concur.

———————————