[Cite as *Gordon v. State Dept. Rehab. & Corr.*, 2018-Ohio-2272.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Dante' D. Gordon, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 17AP-792 |
| | | (Ct. of Cl. No. 2017-00369) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on June 12, 2018

**On brief:** *Dante' D. Gordon*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Stacy Hannan,* for appellee.

APPEAL from the Court of Claims of Ohio

TYACK, J.

{¶ 1} Plaintiff-appellant, Dante' D. Gordon, appeals the decision of the Court of Claims of Ohio to dismiss his complaint pursuant to Civ.R. 12(B)(1) and 12(B)(6). For the following reasons, we affirm the decision of the trial court.

{¶ 2} Gordon is an inmate in the custody and control of the Ohio Department of Rehabilitation and Correction ("ODRC"). Gordon alleges claims of inappropriate supervision in violation of the Ohio Administrative Code, discrimination, racial issues, harassment, and intentional infliction of emotional distress.

{¶ 3} Gordon filed his original complaint on April 21, 2017. On May 19, 2017, ODRC filed a motion to dismiss the complaint pursuant Civ.R. 12(B)(1) for lack of subject-

matter jurisdiction and Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. On June 12, 2017, Gordon filed a first amended complaint without leave of the court. ODRC filed a motion to dismiss the first amended complaint on June 21, 2017.

{¶ 4} After an extension was granted to Gordon to file a response to ODRC's second motion to dismiss, Gordon filed a second amended complaint on July 20, 2017. On August 3, 2017, ODRC filed a motion to strike Gordon's second amended complaint.

{¶ 5} The Court of Claims in its October 12, 2017 decision denied ODRC's May 19, 2017 motion as moot, granted ODRC's motion to strike Gordon's July 20, 2017 second amended complaint for failure to comply with Civ.R. 15(A), and the first amended complaint was dismissed pursuant to Civ.R. 12(B)(1) and 12(B)(6).

{¶ 6} On November 8, 2017, Gordon's notice of appeal was timely filed.

{¶ 7} Gordon lists two assignments of error:

> [I.] The Trial court abused its discretion when it refused to allow the Appellant to amend his complaint pursuant to Civil Rule 15(A), Civil Rule (1) and without a material showing to support the corut's decision. Thus violating the Appellant's rights under O.Const.1 Sec.2 Equal protection & Benefit, O.Const.1 Sec. 16 Redress for injury; due process and the 14th amendment to the U.S. Const. to due process & equal protection of the laws.

> [II.] JUDGE Mcgrath errored in abusing his discretion by dismissing Appellant's complaint pursuant to Civ.R.12(B)(1) & Civ.R.12(B)(6) where prison officials admitted to violations of law & where the Appellant not only provided a set of facts, but evidence to which the appellant could recover. Thus violating the Appellant's rights under O.Const. 1 Sec. 2 equal protection & benefit, O.Cont.1 Sec.16 redress for injury, due process & 14th amendment to the U.S. Const. to due process & equal-protection of the laws.

(Sic Passim.)

{¶ 8} In the first assignment of error, Gordon argues the Court of Claims abused its discretion in denying his July 20, 2017 second amended complaint for failure to comply with Civ.R. 15(A).

{¶ 9} Civ.R. 15(A) provides that a party may "amend its pleading once as a matter of course within twenty-eight days after serving it * * *. In all other cases, a party may

amend its pleading only with the opposing party's written consent or the court's leave." The court shall freely give leave when justice so requires. *Id.* An appellate court reviews a trial court's decision on a motion for leave to file an amended pleading under an abuse of discretion standard. *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122 (1991). "The term 'abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} Gordon filed his second amended complaint more than 28 days after serving his first amended complaint and obtained neither ODRC's written consent nor the court's leave. The Court of Claims further found that Gordon's request to file the second amended complaint is for the purpose of delaying and circumventing ODRC's responses and the Court of Claims' orders. Gordon admits in his brief that he attempted to amend his second amended complaint more than 28 days after serving ODRC his first amended complaint and eventually filed a motion for leave to file the second amended complaint after July 20, 2017. We find that the Court of Claims did not abuse its discretion in denying Gordon's July 20, 2017 second amended complaint.

{¶ 11} The first assignment of error is overruled.

{¶ 12} In the second assignment of error, Gordon argues the Court of Claims erred in dismissing the first amended complaint pursuant to Civ.R. 12(B)(1) and 12(B)(6).

{¶ 13} The Court of Claims dismissed many of Gordon's claims pursuant to Civ.R. 12(B)(6). The standard for dismissing a case under Civ.R. 12(B)(6) is high. A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint. *State ex rel Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In construing the complaint, the material allegations of the complaint are taken as admitted. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). All reasonable inferences must also be drawn in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). In order for the court to dismiss the complaint "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, syllabus.

{¶ 14} "In resolving a Civ.R. 12(B)(6) motion to dismiss, the trial court may consider only the statements and facts contained in the pleadings, and may not consider or rely on evidence outside the complaint." *Powell v. Vorys*, 131 Ohio App.3d 681, 684 (10th Dist.1998). Indeed, when construing the complaint in favor of the nonmoving party, a court is " 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Carasalina, LLC v. Smith Phillips & Assocs.*, 10th Dist. No. 13AP-1027, 2014-Ohio-2423, ¶ 14, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Haas v. Village of Stryker*, 6th Dist. No. WM-12-004, 2013-Ohio-2476, ¶ 10 (Only factual allegations are presumed to be true and only claims supported by factual allegations can avoid dismissal).

{¶ 15} Decisions on Civ.R. 12(B)(6) motions are not findings of fact, but are rather conclusions of law. *State ex rel. Drake v. Athens Cty. Bd. of Elections*, 39 Ohio St.3d 40, (1988). The appellate court need not defer to a trial court's decision in Civ.R. 12(B)(6) cases.

{¶ 16} Gordon makes the claim that ODRC was negligent. These claims of negligence arise from alleged violations of ODRC's internal rules and procedures including allegations of violations of the inmate grievance protocol. Prison regulations are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates. *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479 (1997). Violations will not support a cause of action by themselves, even though violations of internal rules and policies may be used to support a claim of negligence. *Triplett v. Warren Corr. Inst.*, 10th Dist. No. 12AP-728, 2013-Ohio-2743, ¶ 10. "Prison inmates, therefore, have no right to recover against ODRC when it violates administrative code provisions." *Wolfe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 15AP-128, 2015-Ohio-3985, ¶ 10, citing *Peters v. Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-1048, 2015-Ohio-2668, ¶ 10; *Triplett* at ¶ 10.

{¶ 17} Gordon's claim of negligence only relies on alleged violations of administrative rules and policy. Gordon cannot state a claim on which relief can be granted because ODRC's alleged violations of the administrative code do not give rise to a cause of action. The Court of Claims properly dismissed Gordon's negligence claim for failure to state a claim upon which relief can be granted.

{¶ 18} Gordon's claim of harassment stems from ODRC's violation of Ohio Adm.Code 5120-9-4(B). The alleged violation of Ohio Adm.Code 5120-9-4(B) does not

independently supply a cause of action. *Peters* at ¶ 10. The Court of Claims properly dismissed Gordon's claim of harassment.

{¶ 19} Gordon also argued a claim of intentional infliction of emotional distress.

{¶ 20} To prevail on his claim for intentional infliction of emotional distress, a plaintiff must prove the following four elements: (1) the defendant intended to cause emotional distress or knew or should have known that actions taken would result in severe emotional distress; (2) the defendant's conduct was so extreme and outrageous that it went beyond all bounds of decency, and was such as to be considered utterly intolerable in a civilized community; (3) the defendant's actions proximately caused plaintiff psychic suffering; and (4) the plaintiff suffered serious mental anguish of a nature that no reasonable man could be expected to endure. *Aycox v. Columbus Bd. of Educ.*, 10th Dist. No. 03AP-1285, 2005-Ohio-69, ¶ 27.

{¶ 21} With respect to the requirement that the conduct alleged be "extreme and outrageous," the Supreme Court of Ohio finds comment d to Section 46 of the Restatement of the Law 2d, Torts (1965) 71 at 73, to be instructive in describing this standard:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

{¶ 22} Liability for intentional infliction of emotional distress "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Yeager v. Local Union 20, Teamsters*, 6 Ohio St.3d 369, 375 (1983). A claim requires the alleging of distress both severe and debilitating, of a nature that no reasonable man could be expected to endure. *Paugh v. Hanks*, 6 Ohio St.3d 72, 78 (1983); and *Coffman v. Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-816, 2013-Ohio-3829, ¶ 12.

{¶ 23} Gordon alleges in the first amended complaint that he has suffered stress, paranoia, and post-traumatic stress. Having reviewed de novo Gordon's allegations, presumed all of those allegations to be true, and made all reasonable inferences in favor of appellant, we find that the allegations do not establish a claim for intentional infliction of emotional distress. We are not bound to accept Gordon's legal conclusion that he has suffered from the intentional infliction of emotional distress and mental anguish. *Carasalina, LLC* at ¶ 14. Gordon does not allege that the harm caused him is severe and debilitating, nor does he present factual allegations that the emotional distress suffered rise to the level of severe or incapacitating him in any way. *See Coffman* (the fear of getting cancer as a result of perceived exposure to asbestos was not alleged to be either severe or debilitating). Gordon has failed to allege the fourth required element of emotional distress, that he suffered serious mental anguish of a nature that no reasonable man could be expected to endure.

{¶ 24} The Court of Claims properly dismissed Gordon's claim of intentional infliction of emotional distress for failure to state a claim upon which relief could be granted. From the complaint, Gordon can prove no set of facts entitling him to recovery.

{¶ 25} The Court of Claims dismissed some of Gordon's claims for lack of subject-matter jurisdiction. "The issue of subject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Avco Fin. Servs. Loan, Inc. v. Hale*, 36 Ohio App.3d 65 (10th Dist.1987). "The issue of subject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Baker v. Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-987, 2012-Ohio-1921, ¶ 8, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. A trial court's grant or denial of a Civ.R. 12(B)(1) motion to dismiss is reviewed de novo. *Moore v. Franklin Cty. Children Servs.*, 10th Dist. No. 06AP-951, 2007-Ohio-4128, ¶ 15.

{¶ 26} The Court of Claims concluded that it lacked subject-matter jurisdiction over any of Gordon's constitutional and civil rights violations. It is well established that the Court of Claims has no jurisdiction to consider constitutional claims. *Bleicher v. Univ.of Cincinnati College of Medicine*, 78 Ohio App.3d 302, 307 (10th Dist.1992). We agree that the Court of Claims lacks subject-matter jurisdiction over Gordon's constitutional claims.

{¶ 27} "The Court of Claims has exclusive, original jurisdiction over only civil actions against the state permitted by the waiver of immunity contained in R.C. 2743.02. R.C. 2743.02 does not confer jurisdiction to the Court of Claims to consider criminal charges that should be adjudicated in courts of common pleas." *Troutman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 03AP-1240, 2005-Ohio-334, ¶ 10. Thus, the criminal allegations Gordon levels at ODRC were properly dismissed by the Court of Claims for lack of subject-matter jurisdiction.

{¶ 28} The second assignment of error is overruled.

{¶ 29} Having found that the claims of the first amended complaint were properly dismissed either for a lack of subject-matter jurisdiction or for failure to state a claim upon which relief can be granted, and finding that the Court of Claims did not abuse its discretion in denying the second amended complaint pursuant to Civ.R. 15(A), we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

KLATT, J., concurs
DORRIAN, J., concurs in judgment only.