[Cite as *State v. McFarlane*, 2019-Ohio-4869.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 19AP-154 (C.P.C. No. 12CR-3812) |
| | | & |
| v. | : | No. 19AP-155 (C.P.C. No. 12CR-6122) |
| Marcus A. McFarlane, | : | |
| | | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 26, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton,* for appellant.

**On brief:** *Marcus A. McFarlane*, pro se.

APPEALS from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} On March 4, 2014, Marcus A. McFarlane pleaded guilty to one count of aggravated robbery, with a gun specification, in Franklin County Common Pleas Court case number 12CR-6122. *See* March 4, 2017 Transcript of Proceedings at 49. During the same proceeding, he also pleaded guilty to felonious assault in case number 12CR-3812. *Id.* at 48. The prosecutor recited at the time of the pleas that the crimes arose from Mr. McFarlane's efforts to reclaim $65 that he had paid for damage to a broken sink; when the victim would not accede to the $65 demand, the prosecutor said, "Mr. McFarlane shot him three times with a 10 millimeter handgun." *Id.* at 45-46. With Mr. McFarlane affirming that he understood the nature of the charges and the pleas he was making, *id.* at 48, 49, 51, the trial court accepted his pleas and sentenced him to concurrent prison terms of eight years for the felonious assault and seven years on the aggravated robbery, with a three-year consecutive gun specification attached to the aggravated robbery count. *Id.* at 52-53, 65-66; *see also* Appellant's Brief at 1.

{¶ 2}   This appeal relates to Mr. McFarlane's apparent view that he is entitled, pursuant to a request made years after the proceeding, to a written copy of an oral amendment to the indictment in the aggravated robbery case correcting the first name of the victim as noted without objection on the court record before the plea agreement was submitted.   Appealing from the trial court's February 20, 2019 denials of Motions to Provide Defendant a Copy of the Corrected Indictment, he posits a "Sole Assignment of Error" presented in the form of a question:   "Does a trial court err[ ] when it denies a Defendant's request for a copy of a corrected indictment, pursuant to Criminal Rule 36, Clerical mistakes, and in accordance with Appellate Rule 9(E), preventing Defendant from obtaining a record to aid his efforts to have the journal entry speak the truth?"  Appellant's Brief at 2.

{¶ 3}   Mr. McFarlane's brief here pretty much describes what happened:   "the prosecuting attorney motioned the court for an amendment to the second indictment changing the [victim's given] name on the second indictment to match that of the name of the first complaint stating it to be a 'typo'.   The motion was unobjectionably granted. McFarlane following the advice of his counsel * * * entered a plea of guilty * * *."  Appellant's Brief at 1.  Mr. McFarlane indeed attaches to his appeal brief part of the relevant transcript of the proceedings that led up to the plea and sentence.   That transcript, both as of record and in the hands of Mr. McFarlane, records this courtroom discussion as conducted in the presence of Mr. McFarlane and his counsel:

> [PROSECUTOR]:  Yes, Your Honor.
>
> First, with regard to 12CR-6122, there's actually a typo in that indictment.   It lists the victim's name as Robert [last name redacted here].   His name is actually James [same last name redacted here].   And I'm moving to amend the indictment to reflect that correct name at this time.   I did mention that to [defense counsel].
>
> THE COURT:  All right.  [Defense counsel], do you have any objection?
>
> [DEFENSE COUNSEL]:  No, Your Honor.
>
> THE COURT:  All right.  So the Court will go ahead and grant that motion and take note of that.
>
> So it goes from Robert, you're saying, to James?

[PROSECUTOR]:  Correct, Your Honor.

THE COURT:  Okay.

March 4, 2014 Transcript of Proceedings at 2-3; *see also* attached "Exhibit A" to Appellant's Brief.

{¶ 4}  Mr. McFarlane says that in his 2019 motions, he "requested a copy of his corrected indictment for litigation clarity at a later date."  Appellant's Brief at 3.  But the transcript of proceedings reflecting that amendment already makes clear the correction of the victim's first name.  And contrary, perhaps, to the implicit assumption of Mr. McFarlane's motions and appeal, "the language of Crim.R. 7(D) supports the notion that an indictment may be amended orally, as it permits amendments 'during trial,' " *State v. Freeman*, 11th Dist. No. 2004-T-0055, 2006-Ohio-492, ¶ 34, "provided no change is made in the name or identity of the crime charged," Crim.R. 7(D).

{¶ 5}  The first sentence of Criminal Rule 7(D) reads in full:  "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."  Here, the name and identity of the aggravated robbery charge remained constant; it was the first name of the victim that was corrected, with notice to (and no objection by) Mr. McFarlane and his counsel.  And we note again that "[t]he standards in Crim.R. 7(D) satisfy the notice requirements of the Due Process Clause."  *Columbus v. Bishop*, 10th Dist. No. 08AP-300, 2008-Ohio-6964, ¶ 24 (citations omitted).

{¶ 6}  So this was not a case like *Middletown v. Blevins*, 35 Ohio App.3d 65, 67 (12th Dist.1987), cited by Mr. McFarlane, where the government sought to change the name and identity of the charge, thereby necessitating by rule that, absent waiver, the person charged "must be served with a new charging instrument."  *Blevins* in fact reiterates the rule that a trial court itself may correct defects in an indictment through "changes that do not go to the very essence of the offense charged."  *Id.* at 66.  *See also, e.g., State v. Bell*, 5th Dist. No. 05-CA-67, 2006-Ohio-6560, ¶ 35 ("the amendment to the indictment did not change the name or identity of the offense appellant was charged with.  Thus, the trial court did not err in having appellant stand trial without service of the amended indictment").

{¶ 7} Further, this court has held repeatedly that, once properly before the trial court, "[a] defendant may waive the right to indictment altogether, as by a guilty plea to an unindicted offense." *State v. Long,* 10th Dist. No. 83AP-999, 1984 Ohio App. Lexis 10927, *13 (citation omitted); *see also, e.g., State v. Bruce,* 10th Dist. No. 16AP-31, 2016-Ohio-7132, ¶ 12; *State v. Wooden,* 10th Dist. No. 02AP-473, 2002-Ohio-7363, ¶ 15.

{¶ 8} Mr. McFarlane invokes Criminal Rule 36, but that provision avails him not at all. It reads: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." That rule does not alter the more specific dictates of Criminal Rule 7(D) relating to the amendment of indictments, and in any event would not have precluded the court in 2014 from allowing oral amendment of the indictment or from denying in 2019 the motions at issue.

{¶ 9} And Appellate Rule 9(E), also mentioned by Mr. McFarlane in his assignment of error, relates to the record presented on appeal—not to how the trial court was to dispose of the 2019 motions that preceded this appeal—and concerns disputes over "whether the record truly discloses what occurred in the trial court* * *." App.R. 9(E). The parties here are in full agreement that the partial transcript as appended by Mr. McFarlane to his appeal accurately sets out the trial court's 2014 grant of the oral amendment correcting the victim's first name in the indictment: Mr. McFarlane identifies no relevant Appellate Rule 9(E) issue.

{¶ 10} Moreover, the time for Mr. McFarlane to have argued on some basis that the amendment to the indictment should have been reduced to writing has long passed. *See, e.g., State v. Hatfield,* 10th Dist. No. 19AP-5, 2019-Ohio-3909, ¶ 12 ("[a]n infirmity in the indictment does not deprive the trial court of subject-matter jurisdiction and such error is generally waived on appellate review when a timely objection before the trial court could have permitted its correction * * * * Because appellant could have raised his claim in his direct appeal but failed to do so, it is barred by the doctrine of res judicata") (citations omitted). Especially under these circumstances, it cannot be error for the trial court to fail to conjure up now a revised charging instrument that was not requested or generated at the time.

{¶ 11} We overrule Mr. McFarlane's lone assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas that denied Mr. McFarlane's motions to provide (or perhaps more precisely, to generate) "a copy of the corrected indictment."

*Judgments affirmed.*

DORRIAN and BRUNNER, JJ., concur.

––––––––––––––––