[Cite as *Foy v. Dept. of Rehab. & Corr.*, 2024-Ohio-1146.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Raymond Foy, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 23AP-556 |
| v. | : | (Ct. of Cl. No. 2023-00343JD) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on March 26, 2024

**On brief:** *Raymond Foy*, pro se.  **Argued:** *Raymond Foy*.

**On brief:** *Dave Yost*, Attorney General, and *Chelsey M. Capezzuti*, for appellee.  **Argued:** *Chelsey M. Capezzuti*.

APPEAL from the Court of Claims of Ohio

JAMISON, J.

{¶ 1}  Plaintiff-appellant, Raymond Foy, appeals from a judgment of the Court of Claims of Ohio, in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC").  For the following reasons, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2}  On June 30, 2006, the Stark County Grand Jury indicted appellant for aggravated robbery, having weapons while under disability, and carrying concealed weapons.  (Compl., Ex. A.)  The jury convicted appellant on all charges, and the sentencing court sentenced appellant to an aggregate prison term of 14 years.  (Compl., Ex. B.)

Appellant was subsequently remanded to the custody of ODRC. Appellant's complaint does not allege whether he appealed his conviction.

{¶ 3} On May 10, 2023, appellant filed a complaint against ODRC in the Court of Claims alleging false imprisonment. In his complaint, appellant alleges the judgment entry of conviction and sentence issued by the sentencing court was void ab initio because the first count in the indictment charging appellant with robbery failed to identify the victim by name. Appellant contends that because the sentencing court did not have jurisdiction in his criminal case, ODRC did not have legal authority to confine him.

## II. ASSIGNMENT OF ERROR

{¶ 4} Appellant assigns the following sole assignment of error for our review:

> The Court and defendant changed the facts averred in Raymond Foy's complaint.

## III. STANDARD OF REVIEW

{¶ 5} Civ.R. 12(B)(6) permits a defendant to move the trial court for dismissal of a complaint for failure to state a claim upon which relief can be granted. A Civ.R. 12(B)(6) motion to dismiss is a procedural device that tests the sufficiency of the complaint. *Prime Invests., L.L.C. v. Altimate Care, L.L.C.*, 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975). In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court " 'must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff.' " *Henton v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-768, 2017-Ohio-2630, ¶ 7, quoting *Coleman v. Columbus State Community College*, 10th Dist. No. 15AP-119, 2015-Ohio-4685, ¶ 6, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief." *Prime Invests.* at ¶ 11, citing *Hostacky v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 21AP-349, 2021-Ohio-4464, ¶ 4. " '[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.' " *Estate of Tokes v. Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-723, 2019-Ohio-1794, ¶ 12, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991).

**{¶ 6}** "When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court's standard of review is de novo." *Prime Invests.* at ¶ 12, citing *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

## IV. LEGAL ANALYSIS

**{¶ 7}** In appellant's assignment of error, appellant contends that the court and defendant changed the facts averred in his complaint. We construe appellant's assignment of error as a claim that the Court of Claims erred in dismissing his false imprisonment claim.

**{¶ 8}** "[T]he elements of an inmate's claim of false imprisonment are: (1) expiration of the lawful term of confinement, (2) intentional confinement after the expiration, and (3) knowledge that the privilege initially justifying the confinement no longer exists." *Jones v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-138, 2016-Ohio-5425, ¶ 8, citing *Corder v. Ohio Dept. of Rehab. & Corr.*, 94 Ohio App.3d 315, 318 (10th Dist.1994). False imprisonment occurs when a person confines another intentionally without lawful privilege and against his consent within a limited area for any appreciable time, however short. *Jones* at ¶ 8, citing *McKinney v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-960, 2010-Ohio-2323, ¶ 8.

**{¶ 9}** The state may be held liable to inmates for false imprisonment. *Id.* "ODRC may be found liable for the tort of false imprisonment if it intentionally continues to confine an inmate despite having knowledge that the privilege initially justifying that confinement no longer exists." *Jones* at ¶ 8, citing *Baker v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-987, 2012-Ohio-1921, ¶ 12, citing *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 109 (1991).

**{¶ 10}** Here, the underlying legal basis for appellant's false imprisonment claim is appellant's contention that a defect in the indictment deprived the sentencing court of jurisdiction and resulted in a conviction and sentence that was void ab initio. More particularly, appellant claims the failure to include the victim's name in the indictment for aggravated robbery deprived the sentencing court of jurisdiction to convict him of the charge. We disagree.

{¶ 11} In ruling on a motion to dismiss a complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief may be granted, the trial court is not required to accept unsupported legal conclusions as true even when cast as factual allegations. *See, e.g., State ex rel. Villareal v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 21AP-621, 2022-Ohio-3402, ¶ 18 (relator's unsupported legal conclusion that respondents have wrongly calculated his jail-time credit is insufficient to withstand respondent's Civ.R. 12(B)(6) motion); *Becker v. Cardinal Health, Inc.*, 10th Dist. No. 20AP-424, 2021-Ohio-3804, ¶ 13 (a court need not accept as true unsupported legal conclusions in a complaint when deciding a Civ.R. 12(B)(6) motion to dismiss); *Gordon v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-792, 2018-Ohio-2272, ¶ 14 (in ruling on a Civ.R. 12(B)(6) motion to dismiss, the court is not bound to accept as true a legal conclusion couched as a factual allegation).

{¶ 12} The Supreme Court of Ohio has explained the difference between a void judgment of conviction and sentence and a voidable judgment of conviction and sentence, and the rationale behind the distinction. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 17. In *Henderson*, the court concluded that "sentences based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant, including sentences in which a trial court fails to impose a statutorily mandated term. A sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 27, citing *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 42.

{¶ 13} Under *Henderson* and *Harper*, a voidable judgment is one pronounced by a court with jurisdiction. *Id.* at ¶ 17. Unless it is vacated on appeal, a voidable judgment has the force of a valid legal judgment, regardless of whether it is right or wrong. *Id.*

{¶ 14} Crim.R. 7 applies to the amendment of indictments, informations, and complaints. Crim.R. 7(D) provides in part: "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, *provided no change is made in the name or identity of the crime charged*." (Emphasis added.)

{¶ 15} This court has previously determined that "a defective indictment renders the charge voidable, not void." *State v. Hatfield*, 10th Dist. No. 19AP-5, 2019-Ohio-3909, ¶ 12,

citing *State v. Reese*, 5th Dist. No. CT2019-0033, 2019-Ohio-3453, ¶ 16. "An infirmity in the indictment does not deprive the trial court of subject-matter jurisdiction and such error is generally waived on appellate review when a timely objection before the trial court could have permitted its correction." *Id.*, citing *Reese* at ¶ 12. *See also State v. Boyle*, 2d Dist. No. 2018-CA-12, 2018-Ohio-3284, ¶ 9 (whether an indictment is defective is a matter that is only capable of being raised on direct appeal and cannot be addressed in a collateral attack); *State v. McFarlane*, 10th Dist. No. 19AP-154, 2019-Ohio-4869, ¶ 10 (the fact that indictment misidentified the name of the robbery victim did not deprive the trial court of subject-matter jurisdiction as such error is generally waived on appellate review when a timely objection before the trial court could have permitted its correction).

{¶ 16} In this instance, appellant's complaint does not allege the indictment was defective as to the name or identity of the crime charged, just the name of the victim. A defect in the victim's name could have been corrected at any time before, during, or after appellant's criminal trial. Crim.R. 7(D); *McFarlane* at ¶ 10. The alleged defect in the indictment did not deprive the sentencing court of jurisdiction. *Hatfield* at ¶ 12.[1] When reviewing the judgment of dismissal in this case, we are not required to accept appellant's legal conclusion regarding the sentencing court's jurisdiction. *Villareal* at ¶ 18; *Becker* at ¶ 13; *Gordon* at ¶ 14. Accordingly, we find the complaint fails to set forth allegations of fact that, if accepted as true, permit the conclusion that ODRC was without privilege to confine appellant.

{¶ 17} Moreover, even if we were to agree that the alleged defect in the indictment impacted the jurisdiction of the sentencing court, ODRC was immune from liability to appellant for false imprisonment because the alleged lack of jurisdiction was not apparent on the face of the sentencing entry.

{¶ 18} In *McKinney*, 2010-Ohio-2323, at ¶ 12, *appeal not accepted*, 126 Ohio St.3d 1586, 2010-Ohio-4542, ODRC incarcerated McKinney after the trial court revoked his community control. The judgment revoking community control was reversed on appeal due to the lack of trial court jurisdiction because the period of community control ended prior to the date of revocation. McKinney sued ODRC in the Court of Claims alleging false

---

[1] For this reason alone, appellant's reliance on *Ellis v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-354, 2020-Ohio-6877, is misplaced.

imprisonment. McKinney claimed the judgment entry was void on its face because his term of community control had expired prior to the date of revocation and, therefore, ODRC had no privilege to confine him. The Court of Claims granted ODRC's motion for summary judgment, and McKinney appealed to this court.

{¶ 19} On appeal, McKinney maintained that ODRC was liable to him for false imprisonment because it should have known that the trial court lacked jurisdiction to revoke his community control. This court disagreed, concluding that, under Ohio law, ODRC is immune from liability for false imprisonment when it confines an inmate pursuant to a "*facially-valid judgment or order*" even though the judgment was later determined to be void. (Emphasis added.) *McKinney* at ¶ 9. This court further stated that "[f]acial invalidity does not require the consideration of extrinsic information or the application of case law." *Id*. at ¶ 12, citing *Gonzales v. Ohio Dept. of Rehab. & Corr*., 10th Dist. No. 08AP-567, 2009-Ohio-246, ¶ 10. Applying this rule to McKinney's claim, this court concluded the Court of Claims did not err in granting summary judgment for ODRC, because "the invalidity of the judgment entry is only apparent by the application of case law." *Id*.[2]

{¶ 20} Here, the judgment entry of conviction and sentence attached as an exhibit to appellant's complaint is valid on its face. Nothing on the face of the entry suggests the sentencing court lacked jurisdiction. For ODRC to discover the alleged defect in the judgment of conviction and sentence in this case, ODRC would have been required to search the docket of appellant's criminal case and then decide that the absence of the victim's name on the indictment was a defect that rendered the judgment void rather than merely voidable. The rule of law in *McKinney* does not place such a burden on ODRC. Consequently, even if appellant were correct in his assertion that his sentence was void, ODRC was immune from liability to appellant for false imprisonment because ODRC confined appellant pursuant to a facially valid judgment of conviction and sentence.

---

[2] The facial validity rule expressed in *McKinney*, has been repeatedly followed in this court. *See Jackson v. Ohio Dept. of Rehab. & Corr*., 10th Dist. No. 20AP-233, 2021-Ohio-1642, ¶ 29; *Brandon v. Ohio Dept. of Rehab. & Corr*., 10th Dist. No. 20AP-211, 2021-Ohio-418, ¶ 17; *Bradley v. Ohio Dept. of Rehab. & Corr*., 10th Dist. No. 07AP-506, 2007-Ohio-7150, ¶ 11, *appeal not accepted*, 117 Ohio St.3d 1500, 2008-Ohio-2028; *Roberson v. Ohio Dept. of Rehab. & Corr*., 10th Dist. No. 03AP-538, 2003-Ohio-6473, ¶ 9; *Likes v. Ohio Dept. of Rehab. & Corr*., 10th Dist. No. 05AP-709, 2006-Ohio-231, ¶ 10; *Fryerson v. Ohio Dept. of Rehab & Corr*., 10th Dist. No. 02AP-1216, 2003-Ohio-2730, ¶ 17, *appeal not accepted*, 100 Ohio St.3d 1412, 2003-Ohio-4948.

{¶ 21} Following a de novo review, we find appellant's complaint fails to allege facts that would permit the conclusion ODRC intentionally confined appellant with knowledge that the privilege justifying the confinement did not exist. Accordingly, we hold the Court of Claims did not err when it dismissed appellant's complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief may be granted. Appellant's sole assignment of error is overruled.

## V. CONCLUSION

{¶ 22} Having overruled appellant's sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

MENTEL, P.J., and BOGGS, J., concur.

_____