[Cite as *Norris v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-4750.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| ROBERT L. NORRIS | Case No. 2025-00175JD |
| Plaintiff | Judge Lisa L. Sadler<br>Magistrate Gary Peterson |
| v. | |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | <u>ENTRY GRANTING DEFENDANT'S</u><br><u>MOTION FOR SUMMARY JUDGMENT</u> |
| Defendant | |

{¶1} Plaintiff, an inmate in the custody and control of Defendant, the Ohio Department of Rehabilitation and Correction (ODRC), brings this action for false imprisonment. Plaintiff's Amended Complaint alleges false imprisonment wherein Plaintiff asserts that the sentencing judge's signature was forged in the sentencing documents. On August 1, 2025, Defendant filed a Motion for Summary Judgment pursuant to Civ.R. 56(B), arguing that ODRC did not falsely imprison Plaintiff and that Plaintiff's claim is barred by res judicata. On August 18, 2025, Plaintiff filed a Response to Defendant's Motion. Defendant did not file a Reply.[1]

{¶2} Defendant's Motion for Summary Judgment is now fully briefed and before the Court for a non-oral hearing pursuant to L.C.C.R. 4(D). For the reasons set forth below, Defendant's Motion is GRANTED.

**Standard of Review**

---

[1] On August 25, 2025, Plaintiff filed a Motion to Strike Defendant's Exhibits attached to its Motion for Summary Judgment. However, Plaintiff's Motion relies on speculation and conjecture. Accordingly, Plaintiff's August 25, 2025 Motion is DENIED. On August 18, 2025, Plaintiff filed a Motion for Leave to file a supplemental forensic analysis; however, Plaintiff's Motion was filed well after the discovery deadline and will not aid the Court in determining the merits of this case. Plaintiff's August 18, 2025 Motion is DENIED. Finally, on August 15, 2025, Plaintiff filed a Motion for Leave to file discovery; however, the discovery deadline passed well before the Motion was filed and there has been no showing that allowing the discovery would somehow aid the Court. Plaintiff's August 15, 2025 Motion is DENIED.

{¶3} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C):

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St. 3d 280, 292 (1996).  To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C).  *Id*. at 292-293.

{¶4} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**Background**

{**¶5**} Plaintiff brings this action for false imprisonment, alleging that he was incarcerated pursuant to an invalid sentencing entry and that Defendant did not have lawful authority to confine him. The undisputed facts establish the following: On July 26, 1993, Plaintiff was found guilty by a jury of kidnapping and rape. Defendant's Exhibit A, ¶ 2; Affidavit of Barbara Pond, ¶ 3a. Plaintiff was admitted to prison on September 10, 1993, for a sentence of 15 to 25 years on one count of kidnapping and two counts of rape for which he was ordered to serve the sentences for each count consecutively. Defendant's Exhibit B, ¶ 7; Affidavit of Barbara Pond, ¶ 3a. On July 9, 1998, a nunc pro tunc entry was filed in the sentencing court, which awarded Plaintiff 309 days of jail time credit. Defendant's Exhibit D; Affidavit of Barbara Pond, ¶ 3b. Plaintiff's maximum release date is October 17, 2067. Affidavit of Barbara Pond, ¶ 3c.

**Law and Analysis**

*False Imprisonment*

{**¶6**} False imprisonment occurs when a person confines another intentionally "'without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Bennett v. Ohio Dept. of Rehab. & Corr.,* 60 Ohio St.3d. 107, 109 (1991), quoting *Feliciano v. Kreiger,* 50 Ohio St.2d 69, 71 (1977). Pursuant to R.C. 2743.02(A)(1), "'the state may be held liable for the false imprisonment of its prisoners.'" *Abercrombie v. Ohio Dept. of Rehab. & Corr.,* 2017-Ohio-5606, ¶ 9 (10th Dist.), quoting *Bennett* at paragraph two of the syllabus.

{**¶7**} However, the state may not be held liable on a claim for false imprisonment "'when the imprisonment is in accordance with an order of a court, unless it appears that the order is void on its face.'" *Jackson v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-1642, ¶ 29 (10th Dist.) quoting *Fisk v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-5889, ¶ 12 (10th Dist.), citing *McKinney v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-2323, ¶ 9 (10th Dist.); *Brandon v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-418, ¶ 17 (10th Dist.) (The state may not be held liable for false imprisonment "when the imprisonment is in accordance with an order of a court, unless it appears that the order is void on its face."); *Williams v. Ohio Dept. of Rehab. & Corr.*, 2009-Ohio-3958, ¶ 12 (10th Dist.) ("However, an action for false imprisonment cannot be maintained when the imprisonment is in accordance with

the judgment or order of a court, unless it appears such judgment or order is void on its face.").

{¶8} "'Thus, the state is immune from a common law claim of false imprisonment when the plaintiff was incarcerated pursuant to a facially-valid judgment or order, even if the facially-valid judgment or order is later determined to be void.'" *Jackson* at ¶ 29, quoting *McKinney* at ¶ 9, citing *Bradley v. Ohio Dept. of Rehab. & Corr.*, 2007-Ohio-7150, ¶ 11 (10th Dist.) ("[T]he state is immune from liability even though the facially valid judgment or order was later determined to be void."); *Roberson v. Dept. of Rehab. & Corr.*, 2003-Ohio-6473, ¶ 9 (10th Dist.); *Likes v. Ohio Dept. of Rehab. & Corr.*, 2006-Ohio-231, ¶ 10 (10th Dist.).

{¶9} Further, an order is not facially invalid where the determination of invalidity requires consideration of extrinsic information or of case law. *Beachum v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-673, ¶ 7 (10th Dist.) ("Facial invalidity does not require the consideration of extrinsic information or the application of case law."). Where the invalidity of a judgment is only apparent upon the application of case law, the judgment entry is not facially invalid. *McKinney,* 2010-Ohio-2323, at ¶ 12.

{¶10} "To prevail on a claim for false imprisonment against the state, a person must be able to demonstrate: '(1) expiration of the lawful term of confinement, (2) intentional confinement after the expiration, and (3) knowledge that the privilege initially justifying the confinement no longer exists.'" *Brandon,* 2021-Ohio-418, at ¶ 17, quoting *Wash v. Ohio Adult Parole Auth.*, 2020-Ohio-3385, ¶ 22 (10th Dist.); *see Jackson,* 2021-Ohio-1642*,* at ¶ 29.

{¶11} Plaintiff does not dispute any of the facts put forth by Defendant supporting its Motion for Summary Judgment. Rather, Plaintiff argues that Defendant's Exhibit A, B, and D were fraudulently signed for the sentencing judge and thus are "forged instruments" that did not provide for ODRC to lawfully imprison him. Plaintiff's Memorandum in Opposition, p. 4. Plaintiff submitted an exhibit titled "Handwriting Examination Report," which contains handwriting analysis of the signatures on the documents. Plaintiff's Exhibit 2.

{¶12} Upon review, there is nothing on the face of the sentencing entries that would suggest that the entries are invalid or that the sentencing entries are void. Plaintiff has

not put forth any evidence to dispute that put forth by Defendant.  In short, Plaintiff has failed to create a genuine issue of material fact as the undisputed evidence demonstrates that ODRC's confinement of Plaintiff was at all times based on facially valid sentencing entries.

{¶13} Furthermore, Plaintiff's arguments would require ODRC to examine extrinsic evidence to determine whether Plaintiff's sentencing entry is invalid.  The Tenth District Court of Appeals, however, has made clear that Defendant is not required or permitted to second-guess facially valid orders from the judiciary.  *Mavroudis v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-8649, ¶ 11 (10th Dist.) ("ODRC is not a court and is not to be held liable for failing to divine from the procedural history of an inmate's case that what appears to be a facially valid order has defective roots that affect whether it should continue to hold a prisoner.  ODRC cannot and should not second-guess facially valid orders from the judiciary").  The undisputed evidence established that Plaintiff is incarcerated pursuant to facially valid sentencing entries.

{¶14} Even assuming that the sentencing entry contains an error, discovery of such an error would require Defendant to examine the underlying criminal proceedings to discover the defect and decide if the defect renders the judgment void, and Defendant is under no such burden.  *Foy v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-1146 ¶ 20 (10th Dist.) (ODRC is under no burden to search the docket of a criminal case and decide if a defect renders a judgment void rather than merely voidable).  Consequently, even if Plaintiff is correct in his assertation that there is a defect in his sentencing entry rendering it void, Defendant is immune from liability for false imprisonment because Defendant confined Plaintiff pursuant to a facially valid sentencing entry.  *Id*.

{¶15} Moreover, "[a] party who has had the opportunity to appeal a criminal conviction cannot substitute an action in the Court of Claims of Ohio for an appeal to the proper appellate court.  Furthermore, the statute governing actions in the Court of Claims, R.C. 2743.02, was not intended to confer jurisdiction for the Court of Claims to review criminal proceedings occurring in the court of common pleas."  *Hughley v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-1768, ¶ 6 (10th Dist.) (cleaned up).

{¶16} Accordingly, Defendant met its burden by pointing to evidence, the sentencing entries, that demonstrate an absence of material fact.  Plaintiff failed to meet

his reciprocal burden by putting forth evidence demonstrating a disputed material fact. Thus, Defendant is entitled to judgment as a matter of law.

*Res Judicata*

{¶17} Further, Plaintiff has already litigated the issue of false imprisonment for his counts of kidnapping and rape before the Court of Claims. *See Norris v. Ohio Dept. of Rehab. & Corr.*, 2005 Ohio Misc. LEXIS 324 (July 12, 2005); *Norris v. Ohio Dept. of Rehab. & Corr.*, 2006-Ohio-1750 (10th Dist.)

{¶18} "Res judicata operates 'to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction.'" *State ex rel. Kroger Co. v. Indus. Comm.*, 80 Ohio St.3d 649, 651 (1998), quoting *Consumers' Counsel v. Pub. Util. Comm.*, 16 Ohio St. 3d 9, 10 (1985). The doctrine of res judicata provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus. To establish res judicata, the following elements must be met: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence." *Reasoner v. City of Columbus*, 2005-Ohio-468, ¶ 5 (10th Dist.).

{¶19} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *See Grava*, syllabus. Res judicata operates to bar litigation of "'all claims which were or might have been litigated in a first lawsuit.'" (Emphasis omitted.) (Cleaned up.) *Grava* at 382.

{¶20} Because Plaintiff has already brought the issue for his false imprisonment arising out of alleged defects in the sentencing entries before the Court of Claims against the same party, and there has been a determination on the merits, his claim must be denied. *See also State ex rel. Norris v. Ohio Adult Parole Auth.*, 2025-Ohio-583, ¶ 8-9, 38-39 (10th Dist.) (noting that Mr. Norris has unsuccessfully challenged the validity of the

July 9, 1998 nunc pro tunc judgment entry and resulting sentence on multiple occasions and that previous courts, including the 10th District, have applied res judicata to bar plaintiff's claim).  As such, Defendant is entitled to judgment as a matter of law.

**Conclusion**

{¶21} Accordingly, Defendant's Motion for Summary Judgment is GRANTED. Judgment is rendered in favor of Defendant.  All previously scheduled events are VACATED.  Court costs are assessed against Plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed September 19, 2025**
**Sent to S.C. Reporter 10/16/25**